Case 1:15-cv-00484-MAC-KFG Document 1 Filed 12/17/15 Page 1 of 19 PageID #: 1

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

DEC 17 2015

BY
DEPUTY_____

Russell Hollands
4425 Chaison Street
Beaumont, TX 77705-4913
Phone: 409-284-2280
Email: russellhollands183@yahoo.com

Plaintiff in Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| RUSSELL HOLLANDS<br>Plaintiff,<br><br>vs.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES; and DOES 1-10, inclusive<br><br>Defendants | Case No.:  1:15CV0484<br><br>VERIFIED COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF<br><br>1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT;<br>2. ACCOUNTING;<br>3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; and<br>4. INJUNCTIVE RELIEF<br><br>DEMAND FOR TRIAL BY JURY |

**COMES NOW** Plaintiff, RUSSELL HOLLANDS ("Plaintiff") and for his Complaint against Defendant RUSHMORE LOAN MANAGEMENT SERVICES; and DOES 1-10 plaintiff alleges as follows:

## PARTIES

1. Plaintiff RUSSELL HOLLANDS ("HOLLANDS") is an individual, and at all relevant times a resident of the county of Jefferson.

2. Plaintiff is the sole owner of the residential real property commonly known as 4425 Chaison Street, Beaumont, Texas 77705-4913 (hereinafter, "Subject Property"), and more particularly described as:

**SBD ALEXANDER, THOMAS;BLK 3; LT 16-17; PT LOT 16 & 17**

3. Plaintiff is informed and believes and thereon alleges at all times mentioned herein, defendant RUSHMORE LOAN MANAGEMENT SERVICES (hereinafter referred to as "RUSHMORE") is a Corporation doing business in the State of Texas and County of Jefferson.

4. Defendant DOES 1-10 are sued by their fictitious names, their true names and capacities are unknown to Plaintiff.

5. Plaintiff believes that each fictitiously named Defendant DOE 1-10 is a person or entity who participated in, assisted, was retained by, or counseled by one of the other Defendant's herein in connection with the acts alleged herein of which Plaintiff complains. At all times herein mentioned each defendant was an agent, officer, board member, servant, employee, partner, joint venturer of the other defendants and each of them and all times herein mentioned, each defendant was acting within the course and scope of this relationship as an officer, board member, agent, servant, employee, partner or joint venturer of the other defendants, and each of them.

6. Defendants DOES 1-10, inclusive, are sued under fictitious names. When their true names and capacities are known, Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and proximately thereby caused the injuries and damages to Plaintiff as hereinafter alleged, or claims some right, title, estate, lien, or interest in the residence adverse to Plaintiff's title. Said claims, constitute a cloud on Plaintiff's title in property, and are a result therefrom unlawful or fraudulent acts that resulted in injury to Plaintiff's property.

## JURISDICITON AND VENUE

7. Subject-matter jurisdiction for this Court exists: pursuant to 28 U.S.C. Section 1331, because this is an action brought by a consumer for violations of the Fair Debt Collection

Practices Act (hereinafter "FDCPA") (any reference to the FDCPA or any party thereof encompasses all relevant parts and subparts thereto) 15 U.S.C. §1692 et seq.

8. The Court has personal jurisdiction over Defendant because they specifically engaged in conduct injurious to Plaintiff who is located in the county of Jefferson, state of Texas. Defendant did this with the full knowledge that Plaintiff was and is in the state of Texas and county of Jefferson, and that their actions would cause injury to Plaintiff in the state of Texas.

9. Venue is proper in the United States District Court for the Western District of Texas pursuant to U.S.C. section 1391.

## INTRODUCTION

10. Plaintiff is proceeding, pro se in this case. Therefore, this Court must construe this claim liberally and hold it to a less stringent standard than the Court would apply to a pleading drafted by a lawyer. See, *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

(a) In *Picking*, the plaintiff's civil rights were 150 pages long and described by a Federal Judge as "inept." The Court held that where a plaintiff pleads pro-se in a suit for protection of civil rights, the court should endeavor to construe plaintiff's pleading without regard to technicalities. *Picking v. Pennsylvania Railway*, (151 F2d. 240) (N.J. is in 3r Cir.), Third Circuit Court of Appeals.

(b) In *Walter Process Equipment v. Food Machinery*, 382 U.S. 172 (1965) it was held that in a "motion to dismiss, the material allegations of the complaint are taken as admitted." From this vantage point, courts are reluctant to dismiss complaints unless it appears the plaintiff can prove no set of facts to support of his claim which would entitle him to relief. (See, *Conley vs. Gibson*, 335 U.S. 41 (1957).

11. Moreover, Plaintiffs claim that statements of counsel in motion, briefs or in oral arguments are not facts before this Court. (See, *Trinsey v. Pagliaro*, 229 F. Supp. 647).

12. Plaintiff in this action is a victim of unlawful acts perpetrated by Defendant, in efforts to unlawfully foreclose on Plaintiff's property. In doing so, Defendant has made numerous violation of the FDCPA.

## DEFINITIONS

13. Under the FDCPA 15 U.S.C. § 1692a(4) the term **"creditor"** means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

14. Under the FDCPA 15 U.S.C. § 1692a(5) the term **"debt"** means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15. Under the FDCPA 15 U.S.C. § 1692a(6) the term **"debt collector"** means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. Under the FDCPA 15 U.S.C. § 1692e - A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

17. Under the FDCPA 15 U.S.C. § 1692f - A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

18. Under the FDCPA 15 U.S.C. § 1692i - (a) Any debt collector who brings any legal action on a debt against any consumer shall -- (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located.

## GENERAL ALLEGATIONS

Plaintiff is informed and believes and therefore alleges that:

19. This alleged debt was acquired by Defendant after it was in purportedly in default, according to FDCPA 15 USC 1692a(6), if a debt is acquired while in default the entity that acquires it is considered to be a "debt collector." This statute makes no exception regarding the method of acquisition of the debt, so therefore it would not matter if the alleged debt was acquired by or through a successor in interest, of if they were able to provide a copy of the purchase assumption agreement which specifically lists the alleged debt.

20. Plaintiff in this action is a victim of unlawful acts perpetrated by Defendant, in efforts to unlawfully foreclose on Plaintiff's property. According to the FDCPA, the only method of foreclosure that a debt collector can avail themselves to would be a judicial foreclosure, and even if Defendant was to prevail the judgment could only be for monetary compensation, 15 USC 1692i. In taking the actions Defendant has taken by illegally attempting to foreclose on Plaintiff's real property through use of non-judicial foreclosure, Defendant has made numerous violations of the FDCPA.

21. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due to another. Under the FDCPA 15 U.S.C. § 1692 a(6) the term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant here is a debt collector under the FDCPA. Defendant is NOT a creditor or a lender.

22. In addition, where a loan servicer becomes the loan servicer after the borrower is in default, the loan servicer is a "debt collector" and becomes obligated to comply with the FDCPA in all respects. See *Santoro v. CTC Foreclosure Serv. Corp.*, 12 F. App'x. 476, 480 (9th Cir. 2001); *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009) (determining

'that a loan servicer . ... is only a 'debt collector' within the meaning of the FDCPA if it acquires the loan after it is in default'). See also *Alibrandri v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82 (2d Cir. 2003) (holding that a debt was in "default" and a service provider was a "debt collector," by virtue of the service providers collection letter declaring the debt in default and informing the debtor that the service provide was, in fact, a debt collector). Here, Defendant obtained the loan after it was in default.

23. Federal courts have held that WFB must comply with the FDCPA. A Federal District Court within the Ninth Circuit Court of Appeals has held that Wells Fargo Bank, N.A. may be a debt collector required to comply with the FDCPA. *Williams v. Wells Fargo Bank, N.A., Et al.*, 2012 U.S. Dist. LEXIS 2871 (W.D. WA, January 12, 2012).

24. In *Williams*, the consumers alleged Wells Fargo was in violation of federal debt collection laws by failing to provide verification of the alleged debt. 15 U.S.C. §1692, et seq. In their motion to have the lawsuit thrown out, Wells Fargo did not claim that the bank had provided verification of the debt to the consumers. Instead, the bank asserted two reasons the case should be dismissed. First, WFB argued it was not a debt collector under the FDCPA. The bank argued that the FDCPA only applies to "parties collecting the debt of another," 15 U.S.C. § 1692(a)(6), and that "creditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the [FDCPA]." *Id.* (citing *Caballero v. OCWEN Loan Servicing*, 2009 U.S. Dist. LEXIS 45213, 2009 WL 1528128, at *1 (N.D. Cal. 2009) and *Glover v. Fremont Inv. and Loan*, 2009 U.S. Dist. LEXIS 117890, 2009 WL 6114001, at *8 (N.D. Cal. 2009)). Simply put, Wells Fargo argued that because it was collecting its own debts it was exempt from FDCPA liability. Second, Wells Fargo claimed that the FDCPA does not apply in a non-judicial foreclosure proceeding. Basically, the bank argued that when there is a typical foreclosure on a deed of trust, (where there is no lawsuit filed by the bank), the bank is not attempting to collect money, and thus they are not really attempting to collect a debt. In this case,

Defendant did not and has not verified the debt after Plaintiff has asked a numerous amount of times.

25. The federal court disagreed with Wells Fargo on both grounds. The court reasoned the term "debt collector" applies to those who acquired the debt when it was already in default. See *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). The Court noted that Wells Fargo admitted the debt had already been in default for one year when the deed of trust was assigned to Wells Fargo, and thus Wells Fargo met the definition of a debt collector under the FDCPA. Next, the Court ruled on the issue of whether foreclosing on property could be considered an attempt to collect a debt, and it stated: "Although the Court is aware of district court cases that have held that the act of foreclosing on property is not "debt collection" under the FDCPA, this Court has not adopted such a per se holding and it will not do so here. See *Albers v. Nationstar Mortg. LLC*, 2011 U.S. Dist. LEXIS 182, 2011 WL 43584, at *2 E.D.Wash. Jan. 3, 2011) (citing cases). Nothing in the statute compels the Court to create an exception to the definition of " debt collector," as Wells Fargo proposes, where a party is judicially enforcing on a security instrument rather than pursuing debt collection through more traditional means. To the contrary, courts have reasoned that as long as a defendant meets the statutory definition of debt collector, "they can be covered by all sections of the Act . . .regardless of whether they also enforce security interests. " *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006) (referring to § 1692f(6) as an inclusive provision); see also *Kaltenbach v. Richards*, 464 F.3d 524, 528-29 (5th Cir. 2005) (noting that "the entire FDCPA can apply to a party whose principal business is enforcing security interests but who nevertheless fits § 1692a(6)'s general definition of debt collector").

26. Furthermore, Plaintiff is a "consumer" as that term is defined in 15 USC§1692a(3) since the alleged debt here deals with the purchase of a home, which means it's a debt incurred for personal family purposes.

27. In addition, where a loan servicer becomes the loan servicer after the borrower is in default, the loan servicer is a "debt collector" and becomes obligated to comply with the FDCPA in all respects. *See Santoro v. CTC Foreclosure Serv. Corp.*, 12 F. App'x. 476, 480 (9th Cir. 2001); *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009) (determining 'that a loan servicer . . . is only a 'debt collector' within the meaning of the FDCPA if it acquires the loan after it is in default'). *See also Alibrandri v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82 (2d Cir. 2003) (holding that a debt was in "default" and a service provider was a "debt collector," by virtue of the service providers collection letter declaring the debt in default and informing the debtor that the service provider was, in fact, a debt collector).

28. Furthermore, Plaintiff is a "consumer" as that term is defined in 15 USC§1692a(3) since the alleged debt here deals with the purchase of a home, which means it's a debt incurred for personal family purposes.

29. Plaintiff does not have a contract with Defendants. Therefore, Defendants have no standing.

30. That collection of any alleged debt after having been written off or charged off would be a case of unjust enrichment, and /or fraud on the consumer and/or fraud on the court.

31. To the best of Plaintiff's knowledge and belief, Defendants have used the mails of the United States to attempt to collect from Plaintiff an alleged debt purportedly previously owed to an "original creditor," other than Defendants, which has purportedly been "charged off."

32. Defendant has violated FDCPA, 15 U.S.C. §1692e, because it made and/or employed false, deceptive and misleading representations and/or means in connection with the instant cause of action. Said false, deceptive and misleading representations were and have been made and are being made to credit reporting bureaus and others as more specifically set out hereafter. Some or all of said false, deceptive and misleading representations were knowingly and intentionally made by Defendants.

33. Defendants have violated the FDCPA, 15 U.S.C. §1692d because it has engaged in conduct of which the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the alleged attempt to collect on this debt and foreclosure of Plaintiff's property. Defendant knowingly and intentionally engaged in harassing, oppressive, and/or abusive conduct toward Plaintiff. Defendant knew or should have known that the natural consequences of said conduct would be to harass, oppress, or abuse Plaintiff.

34. Plaintiff, here was deceived, and Defendant misrepresented themselves implying they were entitled to act as a Creditor, and have initiated a non-judicial foreclosure against the Subject Property even though at no time did Defendants have any proof that Plaintiff owed them any alleged debt.

35. Defendants have violated the FDCPA, and is liable to Plaintiff for statutory, actual, and punitive damages thereon, attorneys' fees, and costs. Said violations include, but are not limited to violations of 15 U.S.C. §1692e, et seq. and 15 U.S.C. §1692d, et seq.

36. Defendants have knowingly, intentionally, deliberately, and fraudulently misrepresented, and/ or mislead what Plaintiff's legal status, character, and/or amount of the alleged debt was in violation of 15 U.S.C. §1692e(2), and in violation of U.S.C.151692e(10).

37. By attempting to collect on this alleged debt, Defendants falsely, knowingly, deliberately, fraudulently, and intentionally misrepresented to Plaintiff and all other persons having or acquiring knowledge of the actions of Defendants against Plaintiff, including credit reporting bureaus, and persons or entities Plaintiff might seek to obtain credit from, present or future potential employers of Plaintiff, and other persons and entities that it has the legal right to pursue this account in this Court. Defendant's actions all constitute violations of the FDCPA and the Fair Business Practices Act.

38. Defendant has not verified or produced: any accounting or financial records, necessary to prove the breakdown of the purported "total" amount alleged to be

owed, with respect to its components, such as principal, interest, late fees, over limit fees, etc. or their current license in the state of Texas to act as a debt collector.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 *ET SEQ.*

39. Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

40. Defendant is a "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

41. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

42. Defendant has violated the FDCPA in connection with its attempts to collect an account against Plaintiff. Defendants violations include, but are not limited to, 15 U.S.C. § 1692d, 1692e, 1692e(2)(A), 1695e(5), 1692e(8), 1692e(10),1692g 1692i.

43. Defendant engaged in conduct of which the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt which was supported by the unauthenticated assignments.

44. Further, there is no specific amount of value indicated on this assignmenst; even if Defendant were able to provide an authenticated Power of Attorney. (Plaintiff wants to reserve the right to petition the Notary's log for authentication and validation.) An accounting that is signed and dated by the person responsible for the account has not been produced. Claim of damages, to be admissible as evidence, must incorporate records such as a general ledger and accounting of the alleged debt, the person responsible for preparing and maintaining the account general ledger must provide a complete accounting which must be sworn to and dated by the person who maintained the ledger. See *Pacific Concrete F.C.U. V. Kauanoe*, 62 Haw. 334, 614 P.2d 936 (1980), *GE Capital Hawaii, Inc. v. Yonenaka* 25 P.3d 807, 96 Hawaii 32, (Hawaii App 2001), *Fooks v. Norwich Housing Authority* 28 Conn. L. Rptr. 371, (Conn. Super.2000), and *Town of Brookfield v. Candlewood Shores Estates, Inc.* 513 A.2d 1218, 201 Conn.1 (1986).

45. Non-judicial foreclosure, attempting to seize property is a violation of FDCPA 15 USC 1692i.

46. Defendants violated FDCPA by failing to validate the alleged debt as required by 15 USC 1692g.

47. Plaintiff alleges that Defendants routinely ignored plaintiff's request for an accounting and debt validation, and through their actions continued to violate FDCPA rules to enhance their own profits.

48. Defendant's conduct was negligent or willful or both, rendering it liable for attempting to collect fees, interest, and expenses from Plaintiff that are not authorized by any agreement or permitted by law, in violation of 1692f(1).

49. Defendant's conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper validation of the alleged debt to Plaintiff. 1692g(b).

50. As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $2,000 per Plaintiff, pursuant to 15 U.S.C. §1692k(a)(1).

51. As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per Plaintiff, pursuant to 15 U.S.C. § 1692k (a)(2)(A).

52. As a result of the foregoing violations, Defendant is liable for costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k (a)(3).

53. As a result of the foregoing violations, Defendant should be enjoined from employing any of the unlawful conduct, methods, acts, or practices under the FDCPA alleged herein or proven at trial.

54. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties under the FDCPA. A judicial declaration that Defendant's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

55. Based on the allegations above and further set forth herein, Defendant violated 15 U.S.C. §1692d by (1) engaging in conduct the natural consequence of which is to harass,

oppress, or abuse plaintiff without limitation; (2) Continuing to pursue collection of disputed and unverified debt; (3) attempting to foreclose on Plaintiff's property; (4) forcing Plaintiff to defend against an invalid action. Defendant knew or should have known that it has engaged in such conduct, and the said consequences thereof.

56. Upon information and belief, Defendant has communicated credit information to persons, including but not limited to credit reporting bureaus or agencies, with respect to Plaintiff, which it knew or should have known to be false - including without limitation allegations that Plaintiff owed the purported debt which is the subject of this action, and/or that Plaintiff owes said debt to Defendant and/or that Defendant are the original creditor of said alleged debt.

57. Upon information and belief, Defendant is in violation of 15 U.S.C. §1692e(8), because Defendant failed to communicate to Plaintiff, other persons and entities, including credit bureaus, and persons yet to be determined, that Plaintiff has disputed the alleged debt.

58. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties under FDCPA. A judicial declaration that Defendant's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

59. By falsely representing that Defendant is either an assignee of an original creditor, and/or that said assignment constitutes a proper, competent, or valid assignment between Defendant and the original creditor of any alleged debt by any alleged original creditor to Defendant, and/or that Defendant is the original creditor, Defendant has made material, false and misleading representations, and has further communicated to Plaintiff and other persons credit information which is known or which should be known to be false, including the above, the failure to communicate that a disputed debt is disputed, the "re-aging" of said debt, the false and misleading representation and impression that Defendant is the original creditor of said debt, and other material false and misleading representations, and has violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(8), §1692e(2)(A), § 1692e(5), § 1692e(10) and § 1692f. Defendant either knew or should have known all of the above.

60. Under the FDCPA 15 U.S.C. § 1692f - A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt; taking or threatening to take any non-judicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest. In *Armacost v. HSBC Bank USA*, No. 10-CV0274-EJL-LMb, 2011 WL 825151 (D. Idaho Feb. 9, 2011) the plaintiff generally alleged violations of 15 U.S.C. § 1692f and argued that defendant did not have standing to foreclose on the deed of trust. Defendant here also does not have standing to foreclose. The court first noted that the definition of "debt collection" found in 15 U.S.C. § 1692a(6) included the following sentence: "For the purpose of section 1692f(6) of this title, [a debt collector] also includes the principal purpose of which is the enforcement of security interests." *Id*. It then explained that 15 U.S.C. § 1692f(6) prohibits a debt collector from "taking or threatening to take any non-judicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest" Id. at n.5 (quoting 15 U.S.C. §1692f(6). The case stated, "if 'debt collection' generally included the enforcement of a security interest, the language specifying so for the purposes of §1692f(6) would be surplus, and such a construction would violate a 'long standing canon of statutory construction that terms in a statute should not be construed so as to render any provision of that statute meaningless or superfluous." *Id*. (quoting *Beck v. Prupis*, 529 U.S. 494, 506 (2000)) (footnote omitted). The court thus concluded that while "a non-judicial foreclosure action generally does not constitute a "debt collection activity" under the FDCPA," an exception to this rule existed for claims under 15 U.S.C. 1602f(6) *Id*.

61. The FDCPA, §1692k, provides for actual damages, statutory damages up to one-thousand dollars ($1,000.00) per violation, costs of the action, and reasonable attorneys' fees. Plaintiff has suffered actual damages as the proximate and actual cause and result of the violations of the FDCPA by Defendant to be determined at trial. Defendant is liable to Plaintiff for statutory damages as prescribed by §1692k (a)(2)(A), actual damages pursuant to § 1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorneys' fees and costs pursuant to §1692k(a)(3).

62. Courts will carefully scrutinize non-judicial foreclosures and set them aside if the borrower's rights have been violated. *Stirton v. Pastor* (1960) 2 Cal. Rptr. 135, 177 Cal. App. 2d 232.

63. Plaintiff hereby prays for actual damages under the FDCPA, and for statutory damages as set forth above for each and every violation of the FDCPA proven at the trial of this case, and reasonable attorneys' fees and costs thereunder.

## SECOND CLAIM FOR RELIEF
### ACCOUNTING

64. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs as though fully set forth herein.

65. Plaintiff is a consumer as set forth above and the alleged debt owed is a consumer debt pursuant to the FDCPA.

66. Defendant is a debt collector in the business of collecting debts.

67. The elements for a claim for accounting are: (i) a fiduciary relationship or other circumstances appropriate to the remedy, and (ii) a balance due from the plaintiff to defendant that can only be ascertained by an accounting.

68. Defendant has held themselves out to be plaintiff's creditor and mortgage servicer. As a result of this purported relationship, said defendant has a duty to plaintiff to properly account for payments made by plaintiff. Moreover, a fiduciary relationship between the parties in not required to state a cause of action for accounting. All that is required is that some relationship exists that requires an accounting.

69. Plaintiff believes and is informed that the amount claimed due and owing is not correct.

70. Plaintiff has a reasonable and good faith belief that the claimed arrearages include improper excess charges and fees imposed by the defendant without plaintiff's knowledge or consent, which are not allowed by law.

71. It would be inequitable and unconscionable for defendant to retain the profit, benefit, and other compensation they obtained from their fraudulent, deceptive, and misleading conduct alleged herein. Therefore, these monies are due to be credited back to plaintiff in full.

72. The actual amount of the arrearages on plaintiff's loan and the actual amount of money due from plaintiff to defendant, and vice versa, is unknown to plaintiff and cannot be ascertained without an accounting of the receipts and disbursements of the aforementioned transactions.

### THIRD CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73. Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

74. Defendant's acts and/or omissions were done intentionally and/or with gross indifference to Plaintiff's rights.

75. Plaintiff's emotional distress includes, but is not limited to, extreme humiliation, anxiety and a loss of sleep. As a result of the Defendant's conduct, Plaintiff has suffered compensatory, general, and special damages in an amount according to proof. Additionally, Defendant acted with malice, fraud and/or oppression, by attempting to take Plaintiff's property through foreclosure when they have no legal right to do so, and thus, Plaintiff is entitled to an award of punitive damages.

### FOURTH CLAIM FOR RELIEF
### INJUNCTIVE RELIEF

76. Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

77. At all times relevant, Defendant, has wrongfully and unlawfully threatened Plaintiff's quiet enjoyment and use of his real property.

Plaintiff's Verified Complaint

78. Defendant threatened conduct, unless and until enjoined and restrained by this Court will cause great and irreparable injury to Plaintiff in that it Plaintiff will be deprived of the quiet use and enjoyment of his real property.

79. Not only did Defendant threatened conduct cause great and irreparable harm to Plaintiff unless and until enjoined, that same threatened conduct will cause great and irreparable harm to Plaintiff's family.

80. In this case, the irreparable harm that Plaintiff will suffer is obvious and enormous. Plaintiff will lose his real property and will be ultimately evicted from his home. Plaintiff will incur the cost and emotional distress of losing his home and repairing his further damaged credit history. Undeniably, Plaintiff will suffer severe damages.

## **CONCLUSION**

Here, Defendant does not have standing or the enforceable right to take possession of Plaintiff's Property, because of the failure to comply with strict statutory, legal contractual duties. Said action will result in the wrongful foreclosure of the Property. Being that Defendant is a debt collector the only remedy they are entitled to would be a judicial foreclosure. However, knowing that they would not have to prove standing or the proper documentation they are attempting foreclosure through non-judicial foreclosure and thereby violating the FDCPA.

Further, Plaintiff is concerned that Defendant and DOES 1-10, unless restrained, will attempt to remove Plaintiff from the possession of the Subject Property by an unlawful detainer action. Defendants is knowledgeable that any such action would cause irreparable harm to the Plaintiff, as well as cause monetary compensation which will not afford adequate relief because Plaintiff's property is unique.

Thereby, Plaintiff respectfully request that a temporary restraining order is necessary to ensure that Plaintiff and his family are not displaced before the court has had an opportunity

to hear, and adjudicate the case as to its merits, and whether or not it can proceed to a hearing in front of a jury.

## PRAYER

**WHEREFORE**, Plaintiff having set forth the claims for relief against Defendant, respectfully pray that this Court grant the following relief against the Defendant:

1. For equitable relief, including an Order for Defendant to rescind all Notices of Default against Plaintiff's account and to engage in reasonable efforts to restore Plaintiff's credit to its previous standing and by entering a statement which says "Paid as Agreed";

2. For a temporary and preliminary injunction enjoining Defendant from transferring the Subject Property of or from taking any action to evict Plaintiff from his home during the pendency of this action;

3. That the Court issue a declaration that the Defendant be required to release the lien on the Subject Property;

4. That the Court Order judgment quieting title to Plaintiff as the owner of the Subject Property and that all Defendant has no title, right to the estate, lien or interest in the property;

5. That the Court enter a judgment declaring Defendant's actions and practices complained of herein to be unlawful, unfair, and fraudulent;

6. For injunctive relief against Defendant to prevent future wrongful conduct;

7. That Plaintiff recover costs, and reasonable attorney fees, if incurred;

8. That Defendant be required to specifically prove all allegations in this action;

9. For general damages and special damages in an amount to be proven at trial, but not less than $2,000 per Plaintiff, pursuant to 15 U.S.C. 1692(k) a 1;

To whom it concerns

I Russell Hollands was diagnost with Cancer (Prostate) Oct. 2008 I went in to the hospital in Jan 2009 to have surgery. I was off for a long period of time. My employer told me that I had to be back at a certain time or I would loose my job. When I did go back my position was changed so was my wages I lost income so I contacted my mortgage company which was Wells Fargo. They promised they would work with me but instead they gave me the run around. I tried to catch back up where I fell behind several times even take money from my 401K, insurance money from the hurricane but never was enough. But they still gave me the run around all I'm asking is for a fresh start without these ridiculous amont they say I owe

Thank you

Russell Hollands

12-14-15

10. For actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per cross-complainant, pursuant to 15 USC 1692(k)

11. For costs and reasonable attorney's fees pursuant to 15 USC 1692(k) a 3.

12. For a judicial declaration that Defendant's actions violated the FDCPA;

13. For Punitive damages; and

14. For such other and further relief as the Court may deem just, equitable and proper.

Dated: December 03, 2015

_____
Russell Hollands – Plaintiff in Pro Se

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury.

Dated: December 03, 2015

_____
Russell Hollands – Plaintiff in Pro Se

**VERIFICATION**

I, Russell Hollands, acknowledge that I am the Plaintiff in the above-entitled action. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct.

Executed at Beaumont, Texas this 3rd day of December, 2015.

_____
Russell Hollands – Plaintiff in Pro Se